UNITED ENGINEERING & FOUNDRY COMPANY, Plaintiff,

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

No. 2538-56.

United States District Court
District of Columbia.

July 23, 1958.

Watson, Cole, Grindle & Watson, Washington, D. C., Brown, Critchlow, Flick & Peckham, Pittsburgh, Pa., of counsel, for plaintiff.

Clarence W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge, sitting by designation.

This civil action was instituted by United Engineering & Foundry Company, pursuant to Title 35, Section 145, of the United States Code, praying that the Commissioner of Patents be authorized to issue to plaintiff Letters Patent for an invention relating to Method of and Apparatus for Heat Treating Metallic Strip, Serial No. 146,376, dated February 25, 1950. Due to requirement for division, the only question to be here de-

cided is with respect to the patentability of Method Claims 21, 22, 23, 27, 30 and 36. Claim 21 is considered to be fairly illustrative of the subject matter and reads as follows:

"In the method of continuously heat treating aluminum alloy of the precipitation hardenable class and in the form of endless strip the steps comprising rapidly heating said strip in a first heating zone to a temperature within the solution heat treating range, maintaining the temperature of said strip within said range in a second heating zone for a limited period of time greater than that required for initially heating the strip and of the order of one-half to three minutes and quenching said strip from a temperature within to a temperature substantially below said solution heat treating range."

During the prosecution of the application in the Patent Office, all of the claims were rejected as unpatentable over the cited prior art, as appears in the decision of the Board of Appeals.

It is, as conceded by counsel for the defendant, unnecessary to discuss the prior art.

As set out in the specification, the practice has been to suspend the material in groups of sheets within a furnace or heated salt bath at a temperature with the solution heat-treating range for a period of from twenty to thirty minutes, quenching the so-treated sheets and then straightening them. That was known as the "Batch Method".

The object of plaintiff's invention is to lessen the cost of such treatment through speedy operation and to minimize the manual labor involved. That object is obtained by the heat-treating of the alloys in an endless strip, passing it continuously through an induction heating unit, thus rapidly raising it "to the necessary solution heat-treating temperature or to a temperature close thereto". Then, in continuous travel of the strip, it passes through a holding furnace where the heat of the strip is held at the solution temperature for a minimum of one-half to three minutes.

The principal and controlling issue here is—Does the combination of steps recited in the claims of the application involve invention?

The record herein discloses that the Batch Method had been used in the art for a long period of years prior to the filing of plaintiff's application, and that there had been many efforts made by experts in the art to perfect an effective method for a continuous process in the production of aluminum strips. In the opinion of the Court, that constituted a problem of long standing in the industry which was solved by plaintiff.

The Court does not consider that the prior art cited by the Patent Office in any respect shows or suggests the continuous method of plaintiff. Although the patent references are owned by the most prominent companies in the industry, it seems clear that had the method of plaintiff been obvious, the problem would have been solved by such companies' experts.

When the new continuous method was first broached to the Aluminum Company of America, it was considered to be of doubtful utility. Later, when its representative inspected the method in operation, the company was satisfied that the long-standing problem had been solved, and ordered equipment to carry out the continuous method. That of itself indicates to the Court that the method of plaintiff could not have been obvious, or that it involved the exercise of mechanical skill only, in view of the prior art.

It is trite to state that a new combination of steps may involve exercise of the inventive faculty. Plaintiff, as stated by counsel, appears to have modified all the steps of the old Batch Method by performing them on a moving strip, and has combined them in a new way to form a continuous process. In the opinion of the Court, the new combination of steps herein involves invention.

Therefore, the Court finds for the plaintiff in accordance with the prayer of

the complaint. The findings of fact and conclusions of law having been included in this opinion, no formal findings and conclusions are necessary.

Counsel for plaintiff will prepare an appropriate judgment not inconsistent with this Opinion.